IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


**BARBARA BOLSTER**,

    Plaintiff,

    v.

**MICHAEL J. ASTRUE, Commissioner of Social Security**,

    Defendant.

No. 3:11-cv-00421-MO

OPINION AND ORDER

**MOSMAN, J.**,

Barbara Bolster challenges the Commissioner's decision denying her claim for Disability Insurance Benefits ("DIB"). This Court has jurisdiction under 42 U.S.C. § 405(g). I remand this case for the reasons below.

## PROCEDURAL BACKGROUND

On April 30, 2007, Ms. Bolster filed an application for supplemental security income ("SSI") under Title XVI of the Social Security Act. AR 11. Her application was denied because she and her husband had resources exceeding the limit for recipients of SSI. Ms. Bolster did not appeal that decision. *Id.*

On May 30, 2007, Ms. Bolster filed a Title II application for DIB alleging disability since September 15, 1987. *Id.* On July 5, 2007, her application was initially denied. It was denied again

1 – OPINION AND ORDER

upon reconsideration on October 16, 2007. *Id.* An administrative law judge ("ALJ") considered Ms. Bolster's claim on October 8, 2009. *Id.* On November 20, 2009, the ALJ found Ms. Bolster was not disabled from the alleged onset date through her date last insured ("DLI"). *Id.* at 16. The Appeals Council denied review on Feb 24, 2011, making the ALJ's finding the final decision of the Commissioner. *Id*. at 1. Ms. Bolster appealed to this Court on April 4, 2011.

## THE ALJ'S FINDINGS

The ALJ made his decision based upon the five-step sequential process established by the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 140–41 (1987); 20 C.F.R. § 404.1520 (establishing the five-step evaluative process for DIB claims). At Step One, the ALJ found Ms. Bolster did not engage in substantial gainful employment from the alleged onset date in September 15, 1987, through September 30, 1996, her DLI. AR 13. Moving to Step Two, the ALJ found Ms. Bolster had two impairments: (1) left shoulder impingement syndrome with calcific rotator cuff tendinitis, and (2) disc herniation or osteophyte formation at her C6-7. *Id.* Neither impairment, however, significantly limited her ability to perform basic work-related activities for twelve consecutive months. Thus, Ms. Bolster did not have a severe impairment or combination of impairments that is severe for purposes of Step Two. *Id*. at 14. The ALJ stopped his analysis at Step Two because a claimant must have a severe impairment, present before her DLI, to be disabled. *See* 42 U.S.C. § 423(c). Based on the Step Two findings the ALJ denied benefits. AR 16.

## STANDARD OF REVIEW

I review the Commissioner's decision to ensure the Commissioner applied proper legal standards and that the ALJ's findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion."

*Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The reviewing court may not substitute its judgment for that of the Commissioner. *Robbins*, 466 F.3d at 882.

## DISCUSSION

Ms. Bolster's brief focuses on two issues. First, she argues the ALJ's analysis should have proceeded beyond Step Two because Ms. Bolster does suffer from an impairment that was severe before her DLI, and second, the ALJ improperly concluded she is not credible.

### I.  Ms. Bolster's Severe Impairments

To be disabled, Ms. Bolster must suffer from a severe impairment, or combination of impairments that are severe before or on her DLI. *See* 42 U.S.C. § 423(c). To be severe, an impairment or combination of impairments must significantly limit an individual's ability to perform basic work activities. *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).  However, the impairment is not severe when medical and other evidence shows only a slight abnormality that would have only minimal effect on an individual's ability to work. 20 C.F.R. § 404.1521. If it is not clear how the impairment or combination of impairments affect a claimant's ability to work, then the evaluator should continue the analysis beyond Step Two. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Step Two is "a de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).

The ALJ limited his analysis to two impairments and found both not severe. AR 14–15. The first impairment was to Ms. Bolster's left shoulder, and it was first documented in the record in October 7, 1996, when she went to the doctor because her shoulders started to hurt for no apparent reason. *Id.* at 417. Later that month, at a follow-up appointment for her shoulder, Ms.

3 – OPINION AND ORDER

Bolster complained of a second impairment to her neck. *Id.* at 416. In addition, the ALJ found evidence in the record that Ms. Bolster has been diagnosed with other impairments which could be severe. However, because these impairments do not appear in the record until a year after Ms. Bolster's benefits expired, the ALJ did not consider them in his analysis. *Id.* at 14. Of these potentially severe impairments, Ms. Bolster's brief addresses only her lower back impairment.

### a. Ms. Bolster's shoulder impairment

The ALJ concluded Ms. Bolster's shoulder injury was not severe after she had surgery in 1996. *Id.* at 15. He found the record did not contain any objective medical evidence that Ms. Bolster continued to suffer from the impairment and he discredited her testimony. Ms. Bolster argues the record is not silent about the shoulder injury because it includes her treating doctor's records about her recovery from the surgery through 1997. *Id.* at 413–17. As further support, Ms. Bolster also points to her treating doctor's 2009 finding that her impairment affected her ability to reach, push, or pull with her arm. *Id.* at 597.

However, the ALJ's conclusion is based on clear and substantial evidence. After the surgery, the only documentation of Ms. Bolster's shoulder impairment is the follow up appointments. In 1997, at the final of these visits, Ms. Bolster's treating doctor concluded the surgery had dramatically relieved her shoulder pain and she had received the maximum benefit possible from physical therapy. AR 413. As for her treating doctor's 2009 findings, Ms. Bolster does not properly qualify that claim because her doctor is referring to her lower back impairment—not her previous shoulder impairment. *Id.* at 593. The ALJ did not err when he found Ms. Bolster's shoulder ceased to be severe after her surgery because there is substantial evidence in the record supporting his conclusion.

### b. Ms. Bolster's neck impairment

The ALJ also analyzed Ms. Bolster's neck impairment and found it was not severe. *Id*. at 15. Again, he relied on the lack of objective medical evidence in the record and discredited Ms. Bolster's testimony. The record shows that Ms. Bolster's neck impairment was to be treated only if the shoulder surgery did not relieve her pain. *Id*. at 302. She never sought treatment for her neck impairment after her shoulder surgery. This is clear and substantial evidence Ms. Bolster's neck impairment is not severe. Again, the ALJ did not err in finding that Ms. Bolster's neck impairment was not severe.

### c. Ms. Bolster's back impairment

The ALJ did not analyze the severity of Ms. Bolster's lower back impairment because he found it did not appear in the record until 1997, a full year after Ms. Bolster's DLI. *Id*. at 15. Ms. Bolster argues he should have analyzed her back impairment and should have found the impairment was severe before her DLI because the impairment began in 1987. As support for her assertions she points to a Worker's Compensation Board Opinion and Order which found her back injury started in 1987. AR 101–10. According to that opinion, a 1987 x-ray shows spondylolysis of the L4 on the right. *Id*. at 101. It also notes a CT scan taken after the x-ray showed broad circumferential bulging of the annulus at the L4-5 level. *Id.* A doctor who treated Ms. Bolster at the time reported that she had no history of back problems. *Id*. at 102.[1] Ms. Bolster also points out that in 1997, when she went to her treating doctor about pain in her lower back, he noted that he had seen her "for this same problem many years ago." *Id*. at 411.[2] The ALJ did not refer to this evidence or explain if he considered it when deciding to stop his analysis at Step Two.

---

[1] Ms. Bolster did not submit any of the medical records the Worker's Compensation Board relied on to the ALJ.

[2] The record for this claim does not include his notes for that previous visit.

5 – OPINION AND ORDER

The ALJ has a burden to develop the record, independent of Ms. Bolster's burden to prove she was disabled before her DLI. *Armstrong v. Commissioner of Social Sec. Admin.,* 160 F.3d 587, 589 (9th Cir. 1998). This burden can be fulfilled by the ALJ calling a medical expert to testify and assist in determining the onset date. *Id.* at 590. If it is unclear from the evidence in the record that an impairment was severe before the claimant's benefits expired, then the ALJ's burden to develop the record applies at Step Two. *Webb*, 433 F.3d at 688.

Here there is evidence in the record that suggests Ms. Bolster's back impairment could have existed and been severe before her insurance expired. The ALJ did not provide clear and convincing reasons to ignore the Worker's Compensation Board Opinion or the other evidence in the record about Ms. Bolster's lower back impairment. If the record was insufficient to determine when the impairment became severe the ALJ should have developed the record. The ALJ erred when he did not analyze whether Ms. Bolster's lower back impairment was severe before her DLI. If Ms. Bolster's back impairment was severe then the ALJ should have continued his analysis beyond Step Two.

## II.    Ms. Bolster's Credibility

Ms. Bolster argues the ALJ erred when he found her testimony not entirely credible because her neck and shoulder impairments were not severe and could not cause the symptoms she testified to suffering. The ALJ did not consider if Ms. Bolster's back impairment could cause her pain and symptoms. Further, according to Ms. Bolster, the ALJ did not provide clear and convincing reasons to reach his conclusion.

In cases where there is objective evidence of a medical impairment that could reasonably cause the claimant's symptoms, and no evidence of malingering, an ALJ needs clear and convincing reasons to reject a claimant's testimony. *Carmickle v. Commissioner*, 533 F.3d 1155,

1160 (9th Cir. 2008). A reviewing court may-not second guess the ALJ's credibility finding if it is based on substantial evidence in the record. *Thomas v. Barnhart*, 278 F.3d 947, 958–59 (9th Cir. 2002) (internal citation omitted). The ALJ's credibility findings must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 345–46 (9th Cir. 1991)). The ALJ may consider ordinary credibility factors, objective medical evidence, and the claimant's treatment history. *Smolen*, 80 F.3d at 1284.

  The ALJ's conclusion that Ms. Bolster's testimony was not entirely credible because her shoulder and neck impairments are no longer severe is based on clear and convincing evidence. He found before surgery Ms. Bolster's shoulder impairment could cause the pain and symptoms described in her testimony, but after surgery the impairment was resolved and could not cause the pain and symptoms she continues to allege. AR 15. He based his decision on the record's evidence that Ms. Bolster's shoulder impairment was not severe after the surgery. Nine months after her surgery, the record shows Ms. Bolster's pain had decreased dramatically. *Id*. at 413. Medical evidence, such as the finding that Ms. Bolster's pain was dramatically decreased by surgery, is a relevant factor in determining the severity of her pain and its disabling effects. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Also, the effectiveness of treatment is another relevant factor to consider in determining the severity of Ms. Bolster's symptoms. 20 C.F.R. § 404.1529(c)(3).

  As for Ms. Bolster's neck impairment, the ALJ concluded it was not severe because it was not treated according to the evidence in the record. Her treating doctor recommended treating her neck impairment only if the shoulder surgery was unsuccessful. AR 302. After her shoulder surgery, Ms. Bolster did not seek further treatment for her neck impairment. Testimony about the

7 – OPINION AND ORDER

severity of an impairment can be discredited if the claimant does not seek treatment from a doctor. *Parra v. Astue*, 481 F.3d 742, 750–51 (9th Cir. 2007). The ALJ's finding that Ms. Bolster's neck impairment was not severe, and therefore did not support her testimony is based on clear and convincing evidence. The ALJ was correct to find Ms. Bolster not entirely credible as far as her testimony about the severity of her neck and shoulder impairments.

However, in evaluating her credibility, the ALJ did not consider if any of Ms. Bolster's symptoms could be reasonably caused by her back impairment. She has alleged, for example she has difficulty walking, standing, sitting, and sleeping because of pain, which could conceivably be linked to her back impairment. AR 40–43. As I explained above, it is unclear if Ms. Bolster's back impairment is severe. Ms. Bolster's testimony could be credible if her back impairment could reasonably cause her symptoms. If the ALJ determines Ms. Bolster's back impairment was severe before her DLI, he should re-examine her credibility.

## CONCLUSION

For the reasons above I remand this case so the ALJ can determine if Ms. Bolster's lower back impairment was severe before her DLI.

IT IS SO ORDERED.

DATED this   9th   day of March, 2012.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge